THE STATE OF KANSAS v. WILLIAM SHEPPARD.

No. 12.746.   ( 67 Pac. 870.)

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Possession as Prima Facie Evidence.*
It is within the constitutional power of the legislature to declare
the possession of intoxicating liquor, except in a private dwelling
unconnected with a place of business, by a person not legally au-
thorized to sell such liquor, to be *prima facie* evidence of its
possession for purposes of illegal sale.

2. ——— *Act of 1901 Held Valid.*  The title of chapter 232,
Laws of 1901 (Gen. Stat. 1901, §§ 2493–2500), being "An act re-
lating to the sale of intoxicating liquors, and the suppression of
places where such liquors are sold or used or kept for sale or use
contrary to law," is sufficiently broad to include the subject of the
legislative rule of evidence declared in section 8 of the act.

Appeal from Barton district court ; ANSEL R. CLARK,
judge.   Opinion filed February 8, 1902.   Affirmed.

*A. A. Godard,* attorney general, *J. S. West,* and
*James W. Clarke,* county attorney, for The State.

*D. A. Banta,* for appellant.

The opinion of the court was delivered by

DOSTER, C. J. :  William Sheppard, the appellant,
was convicted of maintaining the nuisance of a place
where intoxicating liquors were kept for sale in viola-
tion of law.   The claim of error most strenuously
urged is that the court gave effect to that portion of
section 8 of chapter 232, Laws of 1901 (Gen. Stat.
1901, § 2500 ), which reads as follows :

"In all prosecutions, either under the state laws
or under municipal ordinances, for maintaining a
common nuisance as hereinbefore defined, the finding
of intoxicating liquors in the possession of one not
legally authorized to sell the same, except in a private
dwelling-house not used in connection with a place of

business, shall be *prima facie* evidence that such liquors are kept for sale or used in violation of law.''

The precise objection to this statute is not stated in any concrete form ; that is, no particular constitutional provision violated by it has been named or pointed out.   However, we suppose the claim to be the same that has been made in other states against similar statutes—that it is repugnant to the constitutional guaranties of due process of law and trial by jury. It is not invalid for such reason.   The legislature has some power over the rules of evidence.   It may make a fact or circumstance which, in its judgment, bears on a disputed question, *prima facie* evidence on the subject.   This is the general rule, and it has been applied to acts of the legislature of the precise character of the one now in question.   For a statement of the rule and its application to cases of the kind in hand, see 11 A. & E. Encycl. of L. (2d ed.) 551, and cases cited.

The title of the act in question is as follows: ''An act relating to the sale of intoxicating liquors and the suppression of places where such liquors are sold or used or kept for sale or use contrary to law.''   The title, it is said, is not sufficiently broad to be comprehensive of the rule of evidence prescribed by the above-quoted section 8 of the act.   In our judgment it is. The general subject of the act is the suppression of places where intoxicating liquors are illegally sold. Comprehended with this subject is the subsidiary and incidental one of the procedure, as matter of evidence and otherwise, by which prosecutions for the suppression of the interdicted places may be conducted.

Other claims of error of a minor character are made, but none of them is well founded, and the judgment of the court below is therefore affirmed.

SMITH, POLLOCK, JJ., concurring.