148 So. 668

**STATE v. ELKIN.**

No. 32286.

May 1, 1933.

Rehearing Denied May 29, 1933.

Frank O. Looney, of Shreveport, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and James U. Galloway, Dist. Atty. and Nash Johnson, Asst. Dist. Atty., both of Shreveport, and James O'Niell, Sp. Asst. to Atty. Gen., for the State.

LAND, Justice.

Defendant was convicted of a violation of Act No. 209 of 1914, commonly called the Worthless Check Law. He was sentenced to pay a fine of $301, and to be confined in the parish jail for a period of 15 days, and, in default of payment of fine, for 60 days additional.

Defendant has appealed from the conviction and sentence against him.

In the court below, defendant attacked the constitutionality of Act No. 209 of 1914 upon two grounds:

First, that the act violates article 31 of the State Constitutions of 1898 and 1913 in that the object of the act is not expressed in its title.

Second, section 1 of the act reads: "The failure of the person drawing, uttering or delivering such check, draft or order, to pay the same within ten days after the receipt by him of written notice of its non-payment upon presentation, shall be prima facie evidence of intent to defraud, within the meaning of this act."

Defendant attacked this provision on the ground that it attempts to declare an accused person guilty, or presumptively guilty, of an offense, and strips him of the presumption of innocence, without due process of law, in violation of the Fourteenth Amendment to the Federal Constitution, and of the due process clauses of article 2 of the state Constitutions of 1898 and 1913.

Act No. 209 of 1914 is entitled "An Act To punish the giving of checks, drafts or orders on any bank or other depository wherein the person so giving such check, draft or order shall not have sufficient funds or a credit for the payment of the same."

Section 1 of the act declares: "That any person who, with intent to defraud, shall obtain money, credit, goods, wares, or anything of value by means of the making or drawing or uttering or delivering of any check, draft or order for the payment of money upon any bank or other depository, knowing at the time of such making, drawing, uttering or delivering that the maker or drawer has not sufficient funds in or credit with such bank or other depository for the payment of such check, draft or order in full upon its presentation, shall be guilty of a misdemeanor, and upon conviction thereof, shall be fined not more than one thousand dollars or imprisoned not more than one year, or both, at the dis-

cretion of the Court. The failure of the person drawing, uttering or delivering such check, draft or order, to pay the same within ten days after the receipt by him of written notice of its non-payment upon presentation, shall be prima facie evidence of intent to defraud, within the meaning of this act."

Section 2 of the act declares: "That the word 'credit' as used herein shall be construed to mean an arrangement or understanding with the bank or other depository for the payment of such check draft or order."

The specific charge against defendant is that he "unlawfully, and with intent to defraud, did obtain money, credit, goods, wares or something of value, by means of the making, drawing, uttering or delivering a check dated September 21, 1932, for payment of money upon the Citizens Bank & Trust Company, Camden, Arkansas, for the sum of Two and 98/100 Dollars, knowing at the time of such making, drawing, uttering or delivering of said check, that he did not have sufficient funds in, or credit with such bank for the payment of said check in full upon its presentation, which check is made payable to J. C. Penny Company."

1. Counsel for defendant contends that the title of Act No. 209 of 1914 does not indicate the object of the act, because such title does not express "intent to defraud, nor the obtaining of something of value in return for the giving of checks without sufficient funds."

The sole object of the act is to punish the drawer of worthless checks upon banks in which he has no funds or credit for payment of same. This object is sufficiently indicated in the title in general terms, and the omissions complained of are things contained in

the act fairly germane to the object. This is a sufficient compliance with the constitutional mandate contained in article 31 of the State Constitutions of 1898 and 1913. State v. Natcisse, 133 La. 584, 63 So. 182; State v. Lahiff, 144 La. 366, 80 So. 590; State v. Taylor, 34 La. Ann. 978.

2. In Bailey v. Alabama, 219 U. S. 219, 31 S. Ct. 145, 150, 55 L. Ed. 191, it is said: "This court has frequently recognized the general power of every legislature to prescribe the evidence which shall be received, and the effect of that evidence, in the courts of its own government. Fong Yue Ting v. United States, 149 U. S. 698, 749, 37 L. Ed. 905, 925, 13 S. Ct. 1016.

"In the exercise of this power numerous statutes have been enacted providing that proof of one fact shall be prima facie evidence of the main fact in issue; and where the inference is not purely arbitrary, and there is a rational relation between the two facts, and the accused is not deprived of a proper opportunity to submit all the facts bearing upon the issue, it has been held that such statutes do not violate the requirements of due process of law. * * *"

It is clear from the provisions of section 1 of Act No. 209 of 1914 that, if the drawer of a check, upon which goods or anything of value has been obtained, knew at the time of its issuance that he had no funds or credit at the bank upon which the check is drawn, he would be guilty of intent to defraud the person from whom the thing of value or the goods was received. In other words, under the statute, the guilty knowledge of the drawer that his check is worthless when issued constitutes fraudulent intent upon his part.

The Legislature has declared that failure to pay the check, within 10 days after written notice to the drawer of its dishonor, shall be prima facie evidence of such guilty knowledge or fraudulent intent. There is nothing unreasonable or arbitrary in this clause of the statute. It gives to the drawer of the check a fair opportunity in which to make the check good and, therefore, is peculiarly for his benefit. The main body of the statute penalizes an accused who knowingly gives a worthless check. The presumptive clause bears directly upon the guilty knowledge of the accused, and provides a rational relation between the fact proved and that presumed.

An accused person in this state is permitted to testify in his own behalf, and his testimony is weighed according to the rules of evidence applicable to other witnesses.

The presumption of intent to defraud under the statute is prima facie and rebuttable and, therefore, does not deprive an accused of the opportunity to submit all the facts bearing upon the issue.

Our conclusion is that the presumptive clause of section 1 of Act No. 209 of 1914 does not contravene the due process clause of either the Federal or the State Constitution.

3. As the motion in arrest of judgment in this case is based entirely upon the alleged unconstitutionality of Act No. 209 of 1914, this motion is overruled for the reasons already assigned in this opinion.

4. The motion for new trial presents nothing reviewable by this court, in so far as it is made on the ground that the verdict is contrary to the law and the evidence. The

other ground of the motion is the alleged unconstitutionality of Act No. 209 of 1914, an issue already disposed of in this opinion.

The conviction and sentence are affirmed.