PEOPLE v. COATS

CRIMINAL LAW—CHECKS—INSUFFICIENT FUNDS—INTENT TO DEFRAUD
—PLEA OF GUILTY—COURT'S DUTY.

Intent to defraud is an indispensable condition for criminal
liability of one drawing checks without sufficient funds; hence,
where defendant asserted at his arraignment that he had in-
tended to cover checks he had written with money he was to
receive and denied any intent to defraud, but pleaded guilty
to the criminal offense of drawing checks without sufficient
funds, the court had a duty to explain the elements of the
offense charged to defendant and in the absence of an ex-
planation, notwithstanding defendant's statement that his plea
of guilty was understandingly made, he is entitled to a new
trial (CL 1948, § 750.131a).

Appeal from Muskegon, Albert J. Engel, J. Sub-
mitted Division 3 March 6, 1969, at Grand Rapids.
(Docket No. 5,488.) Decided March 27, 1969. Leave
to appeal denied May 21, 1969. See 382 Mich 755.

Jeff F. Coats was convicted, on his plea of guilty,
of drawing checks without sufficient funds. Defend-
ant appeals. Reversed and remanded for new trial.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *Paul M. Ladas*, Pros-
ecuting Attorney, and *Fredric A. Grimm, Jr.*, Assist-
ant Prosecuting Attorney, for the people.

*White, Spaniola, Knudsen & Stariha*, for defend-
ant on appeal.

BEFORE: QUINN, P. J., and HOLBROOK and T.
M. BURNS, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 486 *et seq*.

PER CURIAM. Defendant entered a plea of guilty to a charge of drawing checks with insufficient funds in violation of CL 1948, § 750.131a (Stat Ann 1962 Rev § 28.326[1]). At the hearing on the plea the defendant stated his intent with respect to these checks was to later cover them with a deposit prior to presentation. He stated that there was an intervening incident which prevented him from depositing the necessary funds. At the arraignment the defendant stated his plea was freely and understandingly made without promises of leniency.

Defendant asserts on appeal that his plea of guilty was not validly accepted because it was not understandingly made. He claims that an essential element of the crime, *i.e.*, with intent to defraud, was not present in the record.

The following appears on the record of the arraignment:

*"Defendant:* Guilty. But I would like to say it was not with intent to defraud. * * *

*"Defendant:* I mean I did write the checks, but I didn't do it with the intent to try to get away with it. * * *

*"Defendant:* Well, you see, I have been writing checks, and I would beat that to the bank. Like I would write a check today and I would get my check tomorrow, and I would take my money to the bank to cover the checks. But at this particular time I didn't beat them to the bank. * * *

*"Defendant:* On October 15th my daughter died, and that put the jinx on things right there, and that is why I didn't cover the checks. * * *

*"The Court:* What was your intention when you passed the checks, then?

*"Defendant:* To put the money in the bank at a later date so that the check would be covered.

*"The Court:* Did you intend to get money at the time you gave them the check, immediately?

*"Defendant:* Yes.

*"The Court:* Did you get it?
*"Defendant:* No.
*"The Court:* What?
*"Defendant:* No. Like I say, my daughter died—"

The instant case is similar to the case of *People v. Hunn* (1965), 1 Mich App 580, 584, wherein we stated:

"The defendant's statement at the arraignment indicates he was ignorant of the elements of the crime and therefore believed himself to be guilty of a criminal offense, merely by the act of cashing a no-account check. When the defendant thus exhibited his ignorance of the nature of the charge, it became the duty of the trial court to explain to the defendant that knowledge and intent were elements of the crime charged, in order to ascertain that the plea of guilty would be understandingly made. Adherence to this important rule is not shown in the record."

In 9 ALR3d 719, "Reasonable expectation of payment as affecting offense under worthless check statutes", it is stated on pp 720, 721:

"The indispensable condition for criminal liability under all 'worthless check' statutes * * * is that the defendant have issued the insufficient-fund check with intent to defraud. If at the time he negotiated the check the defendant knew that he then had insufficient funds in the bank to pay the check on presentation in the ordinary course of business but he reasonably expected that it would be paid on presentation because of, for example, an arrangement with the drawee bank, for credit or with some third person for funds, then the essential element of fraudulent intent is lacking and the prosecution must fail."

The assertion at the arraignment by defendant when he pled guilty that he wrote the checks with

the intent to cover them with money he claimed to
be receiving and his denial of doing it with intent
to defraud indicates an ignorance of the nature of
the crime.   His plea of guilty even though he stated
it was understandingly made is not fortified by the
record.

   The judgment of the trial court is reversed and
the case is remanded for new trial.