No. 55,281

STATE OF KANSAS, *Appellee,* v. DAVID L. PRICE, *Appellant.*

(664 P.2d 869)

Opinion filed June 10, 1983.

*William K. Rork,* of Topeka, argued the cause and was on the brief for the appellant.

*Kenneth R. Smith,* assistant district attorney, argued the cause and *Robert T. Stephan,* attorney general, and *Gene M. Olander,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

LOCKETT, J.: The defendant, David L. Price, appeals from a

conviction by a jury of one count of driving under the influence of alcohol, K.S.A. 8-1567, and one count of driving left of center, K.S.A. 8-1514.

On September 14, 1982, at approximately 2:40 a.m., while on routine patrol, Officer Wayman T. Carter III discovered an abandoned red pickup truck overturned in a ditch off Fairlawn Road near 61st Street in Shawnee County. The pickup truck had left scuff marks on the gravel road where it had turned sideways. Officer Carter radioed the information to the dispatcher and requested assistance. Officer Roger Lovelace was nearby and arrived at the scene several minutes later. After a check disclosed the truck owner's address, Officer Lovelace began to search the area. Approximately three miles away from the accident scene, Officer Lovelace found David Price, with blood on his face, walking west on 61st Street. Officer Lovelace asked Price if he had been in an accident and whether he needed medical attention. Price admitted he had been involved in an accident but did not need medical aid. Officer Lovelace told Price to get into his patrol car and he would drive him to the scene of the accident.

Price was returned to the scene of the accident at approximately 3:15 a.m. Officer Carter began to question Price to obtain the information necessary to complete an accident report form. When asked how the accident occurred, Price replied that he had been drinking prior to the accident, had fallen asleep while he was driving south on Fairlawn, and ran off the road. Because Price had admitted that he had been drinking and, having an odor of alcohol, Price was asked if he would take a field sobriety test. Price consented and the tests were administered. Price could not recite the alphabet, recite the months of the year consecutively, or balance himself on one leg for five seconds. The officers suspected Price was intoxicated, placed him under arrest, and then advised him of his rights under *Miranda*. Price was requested and agreed to take the breath test.

Officer Carter took Price to the courthouse, arriving at 3:45 a.m. Officer Lovelace administered the breath test at 3:53 a.m.; Price's breath tested at .27% alcohol. At the courthouse Price answered questions by Officer Carter from a drug and alcohol influence report. Price stated he had been operating his truck and that he had stopped drinking between 12:30 and 1:00 a.m. after having six or seven drinks over a four hour period.

A jury of six heard the case and found Price guilty of driving while under the influence of alcohol and of driving left of center of the road. Price appealed.

The defendant contends one of the instructions given by the court to the jury stated a conclusive presumption which shifted the burden of proof to the defendant, thereby violating the due process requirement of the Fourteenth Amendment of the United States Constitution. The instruction given was based on K.S.A. 8-1005, which provides:

"(a) In any criminal prosecution for violation of the laws of this state relating to driving of a motor vehicle while under the influence of alcohol, or a combination of alcohol and any drug, or the commission of vehicular homicide or manslaughter while under the influence of alcohol, or a combination of alcohol and any drug, or in any prosecution for a violation of a city ordinance relating to the driving of a motor vehicle while under the influence of alcohol, or a combination of alcohol and any drug, evidence of the amount of alcohol in the defendant's blood at the time alleged, as shown by chemical analysis of the defendant's blood, urine, breath or other bodily substance may be admitted and shall give rise to the following presumptions:

"(1) If there was at that time less than .10% by weight of alcohol in the defendant's blood, such fact may be considered with other competent evidence to determine if the defendant was under the influence of a combination of alcohol and any drug;

"(2) if there was at the time .10% or more by weight of alcohol in the defendant's blood, it shall be prima facie evidence that the defendant was under the influence of alcohol to a degree that renders the person incapable of driving safely.

"(b) For the purpose of this section, percent by weight of alcohol shall be based upon grams of alcohol per 100 milliliters of blood."

### The instruction stated:

"The law of the State of Kansas provides that a chemical analysis of the defendant's breath may be taken in order to determine the amount of alcohol in the defendant's blood.

"If the test shows that at the time the test was administered there was less than 0.10 percent by weight of alcohol in the defendant's blood, you may consider such fact along with other evidence in determining whether or not the defendant was under the influence of alcohol and/or drugs to a degree that rendered him incapable of driving safely at the time the alleged offense occurred. If the test shows that there was 0.10 percent or more by weight of alcohol in the defendant's blood, *you shall presume* that at the time the test was administered the defendant was under the influence of alcohol to a degree that rendered him incapable of driving safely.

"You are further instructed that the use of a breath test does not reduce the weight of any other evidence on the question of whether or not the defendant was under the influence of alcohol and/or drugs to a degree he could not drive

safely at the time of the alleged offense. Therefore, the presumption that the test establishes *may or may not be conclusive* in this regard and should be considered by you only along with all the other evidence in this case, giving the test such weight and credit you believe it deserves and considering the court's instructions taken as a whole." Emphasis supplied.

The defendant claims that two deviations from PIK Crim. 2d 70.02 made the trial court's instruction constitutionally impermissible. PIK Crim. 2d 70.02 states:

"The law of the State of Kansas provides that a chemical analysis of the defendant's (blood) (breath) (urine) (other body substance) may be taken in order to determine the amount of the alcohol in the defendant's blood at the time the alleged offense occurred. (If a test shows there was .10 percent or more by weight of alcohol in the defendant's blood, *you may assume* the defendant was under the influence of alcohol to a degree that [he] [she] was rendered incapable of driving safely. The test result *is not conclusive,* but it should be considered by you along with all other evidence in this case.) (If a test shows there was less than .10 percent by weight of alcohol in the defendant's blood, that fact may be considered with other competent evidence to determine if the defendant was under the influence of [alcohol] [drugs] [a combination of alcohol and drugs].)

"You are further instructed that evidence derived from a (blood) (breath) (urine) (other body substance) test does not reduce the weight of any other evidence on the question of whether the defendant was under the influence of (alcohol) (drugs) (a combination of alcohol and drugs)." Emphasis supplied.

The above instruction was actually published after the defendant's trial. The PIK Instruction published at the time of trial was PIK Crim. 70.02 (1979 Supp.), which states:

"The law of the State of Kansas provides that a chemical analysis of the defendant's (blood) (breath) may be taken in order to determine the amount of alcohol in the defendant's blood at the time the alleged offense occurred. If the test shows that at the time there was less than 0.10 percent by weight of alcohol in the defendant's blood, you shall presume that the defendant was not under the influence of intoxicating liquor. If the test shows that there was 0.10 percent or more by weight of alcohol in the defendant's blood, *you shall presume* that the defendant was under the influence of intoxicating liquor.

"You are further instructed that the use of a (blood) (breath) test does not reduce the weight of any other evidence on the question of whether or not the defendant was under the influence of intoxicating liquor. The presumption that the test establishes *is not conclusive,* but should be considered by you along with all the other evidence in this case." Emphasis supplied.

The first deviation noted by the defendant is the use of the phrase "you shall presume" instead of "you may assume," contained in PIK Crim. 2d 70.02. PIK Crim. 70.02, which was available at the time of trial, used the phrase "you shall presume."

The jury instructions will generally be controlling in deciding whether a presumption is conclusive or permissive in a case, although their interpretation may require recourse to the statute involved and cases decided under that statute. The defendant concedes K.S.A. 8-1005 does not create a conclusive presumption but the court's instruction stating "you shall presume" created a conclusive presumption shifting the burden of proof, thereby requiring the defendant to go forward with evidence.

There is a distinction between a conclusive and permissive presumption. In a criminal case conclusive presumptions have ordinarily been held unconstitutional on the basis that they invade the province of the jury and shift the burden of proof from the State to the defendant. Permissive presumptions are rebuttable; they do not require the jury to convict after the State has made a prima facie case. The jury is free to return a verdict in favor of the defendant even though the defendant fails to introduce any evidence.

In *State v. Haremza*, 213 Kan. 201, 515 P.2d 1217 (1973), this court discussed statutory evidentiary presumptions. Syllabi ¶¶ 2 and 3 are instructive. They read:

"Statutory presumptions are rebuttable. A rebuttable statutory presumption only governs the burden of going forward with the evidence, and even when it operates against a defendant in a criminal case, it does not alter the ultimate burden of proof resting upon the prosecution, nor deprive the defendant of the benefit of the presumption of innocence.

"A statutory presumption will be upheld as constitutional if, in accordance with the experience of mankind, there is a natural and rational evidentiary relation between the fact proved and the one presumed; if the defendant has more convenient access to evidence relating to the fact to be presumed; and if, by requiring defendant to go forward with evidence to rebut the presumption, he is not thereby being subjected to unfairness or hardship."

In 1959, G.S. 1949, 8-1005(b) (1957 Supp.) stated in part "it shall be presumed." This court found the statutory presumption as stated in G.S. 1949, 8-1005 (1957 Supp.) a permissive presumption, one not requiring the jury to find a defendant was under the influence of intoxicating liquor on the basis of the statutory presumption alone. *State v. Bailey*, 184 Kan. 704, 712, 339 P.2d 45 (1959). The phrase "you shall presume" contained in the trial court's instruction was a permissive presumption and therefore did not violate the due process clause of the United States Constitution.

The other instruction discrepancy claimed by the defendant is the last sentence of the court's instruction, which stated:

"Therefore, the presumption that the test establishes may or may not be conclusive in this regard and should be considered by you only along with all the other evidence in this case, giving the test such weight and credit you believe it deserves and considering the court's instructions taken as a whole."

PIK Crim. 70.02 states: "The presumption that the test establishes is not conclusive." PIK Crim. 2d 70.02 states: "The test result is not conclusive." The phraseology used in each of the instructions is permissive, not conclusive.

Each of the instructions discussed is a correct statement of the law. PIK Crim. 2d 70.02 is the clearest statement of the law for instructing a jury for DUI charges.

Defendant did not object to the instruction as given at the time of trial. No party may assign as error the giving or failure to give an instruction unless objected to before the jury retires to consider its verdict stating distinctly the matter objected to and grounds for the objection, unless the instruction is clearly erroneous. K.S.A. 22-3414(3); see *State v. Korbel*, 231 Kan. 657, 661, 647 P.2d 1301 (1982).

Included in the court's instructions was the following:

"The law places the burden upon the State to prove the defendant is guilty. The law does not require the defendant to prove his innocence. Accordingly, you must assume that the defendant is innocent unless you are convinced from all of the evidence in the case that he is guilty.

"You should evaluate the evidence admitted in this case and determine the innocence or guilt of the defendant entirely in accordance with these instructions. The test you must use is this:

"If you have a reasonable doubt as to the truth of any of the claims made by the State, you should find the defendant not guilty.

"If you have no reasonable doubt as to the truth of any of them, you should find the defendant guilty."

The propriety of the instructions to the jury is to be gauged by the consideration of the whole, each instruction to be considered in conjunction with all other instructions in the case. *State v. Korbel*, 231 Kan. at 662. The instructions in this case are not clearly erroneous as a matter of law.

Defendant argues the court erred in admitting his statements to the police when he was returned to the scene of the accident. The defendant contends the officers should have advised him of

his constitutional rights under *Miranda* prior to asking him questions contained in the accident report form.

The *Miranda* warning is required where there is a custodial interrogation of the defendant by police officers. *Miranda* recognized, however, that general on-the-scene questioning of citizens in the fact-finding process does not constitute custodial interrogation requiring a *Miranda* warning. We have developed a number of general guidelines to be applied in determining whether or not custodial interrogation has taken place. In *State v. Brunner,* 211 Kan. 596, 507 P.2d 233 (1973), we held that a person who has not been arrested is not in police custody unless there are significant restraints on his freedom of movement which are imposed by some law enforcement agencies. We have declared that a general questioning of a citizen in the course of an investigation in the fact-finding process does not constitute custodial interrogation. We define an investigatory interrogation as the questioning of persons by law enforcement officers in a routine manner in an investigation which has not reached an accusatory stage, and where such persons are not in legal custody or deprived of their freedom of action in any significant way. *State v. Frizzell,* 207 Kan. 393, 485 P.2d 160 (1971).

The State has placed the duty on all drivers of vehicles involved in accidents to provide information regarding the facts and circumstances of the accident. Law enforcement officers routinely investigate accidents and insure that proper reports are filed. Here the officers were performing their duty when obtaining the information necessary for the accident report. Police officers traditionally investigate the scene of accidents and during such investigation obtain information from individuals not under restraint. General on-the-scene questioning as to facts surrounding the cause of an accident or other general questioning of citizens in a fact-finding process is not affected by *Miranda.* It was the defendant's failure to perform the nonverbal test that finally determined that the defendant should be arrested for DUI. The trial court was correct when it admitted the statements obtained by the officers when completing the accident report.

The defendant's last contention is there was insufficient evidence to prove guilt beyond a reasonable doubt of (1) driving under the influence, and (2) driving left of center. When a defendant challenges the sufficiency of evidence to support a

conviction, the standard of review on appeal is whether the evidence, viewed in the light most favorable to the prosecution, convinces the appellate court that a reasonable rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *State v. Douglas,* 230 Kan. 744, Syl. ¶ 2, 640 P.2d 1259 (1982). There was sufficient evidence for the jury to find the defendant guilty of both charges.

The judgment is affirmed.