(676 P.2d 157)
No. 55,479

STATE OF KANSAS, *Appellee,* v. DAVID W. FRANZ, *Appellant.*

Opinion filed February 9, 1984.

*Antonio L. Ortega,* of Blase, Blase & Ortega, of Wichita, for appellant.

*Kimberly Gee Vines,* assistant district attorney, *Clark V. Owens,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before MEYER, P.J., ABBOTT and SWINEHART, JJ.

ABBOTT, J.: This is a direct appeal by the defendant, David W. Franz, from his misdemeanor conviction for battery of a law enforcement officer. K.S.A. 21-3413.

I. Battery Instruction.

Defendant argues that K.S.A. 21-3412 defines battery as *unlawful* touching, and that the instruction to the jury does not contain the word "unlawful." The instruction given is verbatim with PIK Crim. 2d 56.17. Defendant concedes that he made no objection at trial to the court's use of this instruction. The recognized rule in circumstances such as this is:

"No party may assign as error the giving or failure to give an instruction unless objected to before the jury retires to consider its verdict stating distinctly the matter objected to and grounds for the objection, unless the instruction is clearly erroneous." K.S.A. 22-3414(3); see *State v. Price,* 233 Kan. 706, 711, 664 P.2d 869 (1983); *State v. Korbel,* 231 Kan. 657, 661, 647 P.2d 1301 (1982).

Defendant recognizes this rule and argues that the instruction is clearly erroneous because the absence of the word "unlawful" and the use of the disjunctive "or" confused the jurors in that they were given a choice between a civil and criminal offense. This argument is without merit.

As used in K.S.A. 21-3412, "unlawful" is a legal conclusion that the defendant had no lawful authority to touch the officer. A person has no authority to resist an unlawful arrest. K.S.A. 21-3217. Only if an officer uses excessive force does a person have the right to self-defense. *State v. Heiskell,* 8 Kan. App. 2d 667, 672, 666 P.2d 207 (1983). Whether the defendant had any lawful authority to touch the officer is not an element of battery, but a legal defense to be addressed in a separate instruction. Defendant did not request an instruction on self-defense. The trial court did instruct the jury that a person has no authority to resist an unlawful arrest.

Defendant does not explain his conclusion that "or" in the instruction (intentional touching *or* application of force) creates uncertainty. In our opinion, it aids in adequately setting forth the elements of the offense. The use of the disjunctive in instructions is fatal only if uncertainty results. *State v. Woods,* 222 Kan. 179, 183, 563 P.2d 1061 (1977).

The trial court's instruction is an accurate and appropriate statement of the elements of battery against a law enforcement officer, and we approve PIK Crim. 2d 56.17 as an accurate statement of the law.

II. Resisting Arrest.

Defendant contends that the trial court should not have given the instruction on the use of force in resisting arrest (PIK Crim. 2d 54.25) because defendant had not been charged with resisting an arrest.

The standard of appellate review on this issue is:

"A trial court has discretion in giving its instructions to the jury and on appeal the instructions should be approved, if, after considering them in their entirety, they properly and fairly state the law as applied to the facts in the case." *State v.*

*Smith*, 232 Kan. 284, 290, 654 P.2d 929 (1982); *State v. Ferguson, Washington & Tucker*, 228 Kan. 522, 526, 618 P.2d 1186 (1980).

At the time of the incident, and at trial, defendant insisted the officer's attempt to arrest him was without cause. Defendant implicitly argued that any struggle which resulted from his refusal to be handcuffed behind his back was compelled by his belief that the arrest and handcuffing were totally unwarranted. In light of this argument and the facts of the case, the instruction was a proper and fair statement of applicable law that defendant would have had no authority to physically resist or batter the officer during the arrest, even if it were unlawful.

III. Motion for Acquittal.

The recognized standard of appellate review on this issue is:

" 'A trial judge in passing on a motion for judgment of acquittal must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact therefrom, a reasonable mind, or rational trier of facts, might fairly conclude guilt beyond a reasonable doubt.' " *State v. Hill,* 233 Kan. 648, 651, 664 P.2d 840 (1983); *State v. Mack,* 228 Kan. 83, 89, 612 P.2d 158 (1980).

The officer's testimony established all of the elements of battery, and the trial's outcome was a contest of credibility between the officer and defendant. It is not a function of appellate courts to pass upon the credibility of witnesses. *State v. Fenton,* 228 Kan. 658, 666, 620 P.2d 813 (1980). The trial court properly denied defendant's motion for judgment of acquittal.

Affirmed.