Chris Biggs Geary County Attorney 120 E 8th Street Junction City, Kansas 66441-2590
Dear Mr. Biggs:
As Geary county attorney you request our opinion regarding whether a demand letter issued pursuant to K.S.A. 1993 Supp. 60-2610, as amended by L. 1994, ch. 273, sec. 14 (authorizing a civil cause of action for giving a worthless check) which requests a service charge in excess of $10 triggers the presumption of intent to defraud under K.S.A. 1993 Supp.21-3707, as amended by L. 1994, ch. 291, sec. 28 (authorizing a criminal prosecution for giving a worthless check). The issue you raise is whether the statutory presumption of intent to defraud in K.S.A. 1993 Supp.21-3707(b) applies when the holder of a worthless check imposes a service charge in excess of $10.
Statutory interpretation begins with the express language of the statute in question. K.S.A. 1993 Supp. 21-3707, as amended, provides:
 "(b) In any prosecution against the maker or drawer of a check, order or draft payment, of which has been refused by the drawee on account of insufficient funds, the making, drawing, issuing or delivering of such check shall be prima facie evidence of intent to defraud and of knowledge of insufficient funds in, or on deposit with, the drawee unless the maker or drawer pays the holder thereof the amount due thereon and a service charge not exceeding $10 for each check, within seven days after notice has been given to the maker or drawer that such check, draft or order has not been paid by the drawee. As used in this section "notice" includes oral or written notice to the person entitled thereto." (Emphasis added).
There is no question that the legislature has the authority to create the terms of a statutory presumption. State v. Sheppard, 64 Kan. 451
(1902). The language of K.S.A. 1993 Supp. 21-3707 has been held to be a constitutional statutory presumption. Kansas v. Haremza, 213 Kan. 201
(1973).
When the statutory language is clear and unambiguous, effect must be given to the express language. Barber v. Williams, 241 Kan. 318 (1987). According to K.S.A. 1993 Supp. 21-3707 the making, drawing, issuing or delivering of a check which has been refused by the drawee on account of insufficient funds is what raises the statutory presumption of intent to defraud and knowledge of insufficient funds. It is important to note that this presumption is a rule of evidence and not an element of the crime. Kansas v. Powell, 220 Kan. 168 (1976). As such, this evidentiary presumption may be rebutted, for example, by a showing of a reasonable expectation that the check would be paid upon presentation for payment.State v. McConnell, 9 Kan. App. 2d 688, 690 (1984) (citing State v.Haremza, 213 Kan. 201, 205 (1973)). Furthermore, the statute itself provides a rebuttal mechanism if "the maker or drawer pays the holder thereof the amount due thereon and a service charge not exceeding $10 for each check, within seven days after notice has been given to the maker or drawer that such check, draft or order has not been paid by the drawee." K.S.A. 1993 Supp. 21-3707.
The criminal statute thus provides that the presumption is not applicable if the maker actually pays the amount due and a service charge not exceeding $10 in a timely manner. Whether a holder of a worthless check demands $10 or $30 has no bearing on whether the statutory presumption of K.S.A. 1993 Supp. 21-3707 applies. The demand of a service charge in excess of $10 does not in itself nullify the statutory presumption; timely payment of the amount of the check plus $10 for service charges does. In other words, the statutory presumption of intent to defraud is tied to failure to timely pay the amount of the check and the authorized service charge upon notice, and not to the amount of service charge demanded.
A more difficult issue raised by this discussion is the effect of a holder of a worthless check demanding a service charge in excess of $10, and the maker paying the amount due on the check and the over-$10 service charge within seven days of notice of insufficient funds. The language of K.S.A. 1993 Supp. 21-3707 initially would appear to trigger the presumption of intent to defraud in this situation because the presumption arises unless the maker pays the amount of the check and a service chargenot exceeding $10. Literally, albeit absurdly, if the drawer of a worthless check pays the amount due on the check plus a service charge in excess of $10 within seven days of notice of insufficient funds, the presumption of intent to defraud would appear to apply. However, the legislature is presumed not to intend an absurd result, Mendenhall v.Roberts, 17 Kan. App. 2d 34 (1992), and accordingly in our opinion payment of the amount of the check and an over-$10 service charge would rebut the otherwise applicable statutory intent to defraud. Further, payment of the check and a $10 service charge, even though a greater charge was demanded, would rebut the presumption.
Your query arises in relation to a holder who has given notice to the maker that the check has not been paid by the drawee and has demanded a service charge exceeding $10, neither of which have been paid by the maker of the check with 7 days of the notice. In this scenario you ask whether the statutory presumption of intent to defraud is precluded in a criminal prosecution because the amount of the demanded service charge exceeded $10. In light of our discussion, since the maker has not timely paid the amount of the check nor a $10 service charge after notice, the statutory presumption of intent to defraud and of knowledge of insufficient funds is applicable. To reiterate, the statutory presumption is triggered by the maker's failure to pay the amount of the check and a $10 service charge after notice.
The criminal statute, K.S.A. 1993 Supp. 21-3707, operates independently of the civil remedy provided for holders of worthless checks. K.S.A. 1993 Supp. 60-2610, as amended by L. 1994, ch. 273, sec. 14, establishes civil liability for the amount of a worthless check, incurred court costs, costs of collection including reasonable attorney fees, specified damage amounts, the incurred service charge and the costs of restricted mail. Here the statute defines service charge as $10, or up to a maximum of $30 if the larger amount is posted conspicuously. K.S.A. 1993 Supp.60-2610(g)(3). As conditions precedent to recovery in a civil action (as opposed to a statutory presumption of intent to defraud), (1) the holder must have made a written demand for payment of the amount of the check and the incurred service charge and (2) the maker or drawer has failed to tender not less than the amount demanded before the civil action is filed. K.S.A. 1993 Supp. 60-2610(b). In addition we note that this written demand must be made not less than 14 days before filing an action. While this civil remedy is separate from and has no bearing on the criminal statute and its interpretation, it does help explain why the holder of a worthless check might demand more than a $10 service charge and supports our conclusion that such a demand is not precluded by the language of K.S.A. 1993 Supp. 21-3707. Perhaps remedial legislation to bring these two statutes into conformity would lessen the confusion regarding differing requirements as to type of notice, time frame, amount of service charge, and legal effect of failure to pay for the check and service charge.
Whether the maker of the worthless check should be prosecuted for the crime is a matter of prosecutorial discretion. The scope of this discussion answers only whether the statutory presumption of intent to defraud applies when a holder of a worthless check demands a service charge in excess of $10.
In conclusion, the statutory presumption of intent to defraud found in K.S.A. 1993 Supp. 21-3707 applies regardless of the amount of service charge demanded by the holder of a worthless check if the maker of the check fails to pay the amount due and a service charge not exceeding $10 within seven days of notification of insufficient funds.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Camille Nohe Assistant Attorney General
RTS:JLM:CN:bas