Gregory COX, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 97–162.

Supreme Court of Wyoming.

Aug. 26, 1998.

Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; Stephen I. Singer,* Faculty Director, Forrest Orswell, Student Director, Susan Chapin and Patrick Carpenter, Student Interns, Wyoming Defender Aid Program. Mr. Orswell (argued) for Appellant (Defendant).

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Georgia L. Tibbetts, Senior Assistant Attorney General; Theodore E. Lauer, Director, James Kaste, Student Intern, Prosecution Assistance Program. Mr. Kaste (argued), for Appellee (Plaintiff).

Before LEHMAN, C.J., and MACY, GOLDEN and TAYLOR,** JJ. and KALOKATHIS, District Judge.

GOLDEN, Justice.

Appellant Gregory S. Cox was convicted by a jury of felony check fraud and misdemeanor possession of marijuana. He appeals his conviction for check fraud.

We affirm.

## ISSUES

Cox presents these issues for review:

I. Whether there was insufficient evidence to convict Mr. Cox of check fraud in that the State failed to produce any evidence that Mr. Cox intended to defraud or deceive the bank?

II. Whether the trial court erred in permitting Mr. Cox to be tried jointly on charges arising from the factually dissimilar and legally unrelated charges of

---

* Orders granting Singer's motions to withdraw as counsel on behalf of the Appellant entered on May 18, 1998.

** Chief Justice at time of oral argument.

check fraud and possession with intent to deliver marijuana?

The State presents these issues:

I. Was sufficient evidence of check fraud presented at trial to enable a reasonable jury to find appellant guilty?

II. Did appellant's failure to raise the issue of improper joinder prior to trial constitute a waiver of the issue?

## FACTS

On September 10, 1996, a neighbor discovered two marijuana plants growing on property owned by Serjit Singh and lived upon by Singh and Cox with their two children. Singh and Cox were divorced but were reconciling. The neighbor took one of the plants to the sheriff's office and, after tests confirmed that the plant was probably marijuana, a sheriff's deputy obtained a search warrant allowing searches of the property and two vehicles. During the officer's search, one other marijuana plant was discovered. Cox and Singh drove up in a Suburban listed on the search warrant. It was searched, and marijuana was discovered in Singh's purse, which had been left in the Suburban. Cox told officers that Singh used the marijuana to control pain. A second search was conducted a few days later, and items were seized that the State contended were part of a marijuana growing operation. Cox and Singh were arrested and charged with intent to deliver marijuana.

On September 13, 1996, apparently to pay bail, Cox deposited at his local bank in Thermopolis a $1,500 check payable to himself on his account at a California bank. The Thermopolis bank credited his account with that amount. However, Cox's California account did not have enough funds to cover the $1,500 check, and the check was returned for insufficient funds. When his Thermopolis account balance of $1,224.15 was insufficient for the bank to recover the full amount, the check was turned over to the sheriff on September 27, 1996. A sheriff's deputy personally notified Cox of the insufficiency; however, Cox did not repay within five days, and the sheriff filed an arrest warrant on the sixth day. Although Cox paid the check in full within ten days of being notified of the insufficiency, he was prosecuted for fraud by check.

No preliminary motions were made by the defense, and a jury trial was held on both charges against Cox as well as the charge against Singh. The prosecution introduced evidence of drugs as well as hose, buckets, grow lights, and other agricultural tools to prove that Cox and Singh were attempting to cultivate a marijuana crop. The defense produced evidence that Singh had an extensive background in growing vegetables and was merely setting up a greenhouse to grow vegetables. Singh also testified that injuries from a car accident left her with debilitating pain which she copes with by smoking marijuana, and the three plants found were for personal use. Cox was acquitted of the charge of possession with intent to deliver marijuana, but was found guilty of the lesser included offense of possession of less than three ounces of marijuana and guilty of fraud by check. He was sentenced to six months in jail for the misdemeanor and fourteen to twenty-eight months in the Wyoming State Penitentiary on the felony check fraud conviction. He appeals the check fraud conviction.

## DISCUSSION

As Cox contends, what separates the innocent conduct of mistakenly writing a bad check from the criminal conduct of check fraud is intent to defraud or deceive. Wyo. Stat. § 6–3–702(a) (1997) provides: "[a]ny person who knowingly issues a check which is not paid because the drawer has insufficient funds or credit with the drawee has issued a fraudulent check and commits fraud by check." An essential element of check fraud that the State had the burden of proving beyond a reasonable doubt is that the check must have been knowingly issued, which the statute defines as "issuing a check . . . with intent to defraud or deceive any other person." Wyo. Stat. § 6–3–701(a)(ii)(1997). Cox contends that the State failed to prove that he intended to defraud by issuing a bad check. He defines "intent to defraud" as meaning to act with the intent to deceive in order to cause the loss of money to

one person or party or to cause financial gain to the defendant.

WYO. STAT. § 6–3–703(iii) (1997) states that it is prima facie evidence of intent to defraud that when presentment was made in a reasonable time the issuer did not have sufficient funds with the drawee, and he failed to pay the check within five days after receiving notice of dishonor. The State contends that this prima facie evidence, if not rebutted or contradicted, is sufficient to permit the fact finder to decide that the intent to defraud or deceive existed. Cox contends he rebutted this prima facie evidence by paying the check in a short amount of time after notification; by the small discrepancy between the funds in his account and the returned check; and because there was no pattern of criminal conduct by him. Both parties refer to *State v. Haremza,* 213 Kan. 201, 515 P.2d 1217 (1973), in support of their arguments.

■ As the *Haremza* decision states, it is the general rule that a defendant cannot be convicted of check fraud if he had a reasonable expectation that it would be paid as a result of some arrangement or understanding with the bank, or because he expected to make a deposit sufficient to cover the check before its presentation for payment, or where for any reason he shows that he had a reasonable expectation that the check would be paid on presentation. *Id.* at 1221; *see also United States v. Bessesen,* 445 F.2d 463, 467 (7th Cir.1971), *cert. denied,* 404 U.S. 984, 92 S.Ct. 448, 30 L.Ed.2d 368 (1971); *People v. Wing,* 32 Cal.App.3d 197, 107 Cal. Rptr. 836, 837 (1973); *People v. Coats,* 16 Mich.App. 652, 168 N.W.2d 463, 465 (Mich. 1969); 32 AM.JUR.2D *False Pretenses* § 70 (1995); W.L. Heyman, Annotation, *Reasonable Expectation of Payment as Affecting Offense under "Worthless Check" Statutes,* 9 A.L.R.3D 719, 720 (1966). Cox did not present any evidence of a reasonable expectation that the check would be paid on presentation, and he does not offer any support to us that the rebuttal evidence stated above can be understood to be a reasonable expectation that the check would be paid on presentment. The conviction is affirmed.

Cox next contends that he was prejudiced by the misjoinder of charges in the trial. WYO. R.CRIM. P. 8(a) states:

(a) *Joinder of offenses.* Two or more offenses may be charged in the same citation, indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

WYO. R.CRIM. P. 14 states:

**Rule 14.   Relief from prejudicial joinder.**

If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information or citation, or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance, the court may order the attorney for the state to deliver to the court for inspection *in camera* any statements or confessions made by the defendants which the state intends to introduce in evidence at the trial.

WYO. R.CRIM. P. 12(b)(5) states:

(b) *Pretrial motions.* ... The following must be raised prior to trial:

* * *

(5) Request for a severance of charges or defendants under Rule 14.

WYO. R.CRIM. P. 12(g) states:

(g) *Effect of failure to raise defenses or objections, or to make requests.*—Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (d), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver.

The State contends that, under these rules, a failure to file a motion with the trial court to sever the charges is a waiver, and the issue is not properly preserved for appeal. It further contends, and we agree, that the statement "the court for cause shown may grant relief from the waiver" refers to the trial court. In *Howard v. State*, 762 P.2d 28, 38 (Wyo.1988), a majority of this Court held that the failure to sufficiently object to the prejudicial joinder of charges before trial did not preserve the claimed error for appeal. That rule applies to this case where no objection was made prior to trial. Cox waived any objection to the joinder, and it will not be considered on appeal.

## CONCLUSION

Cox did not present any evidence that he reasonably expected the check to be paid upon presentation to his bank as a defense to the charge of check fraud and did not properly preserve for appeal the issue of prejudicial joinder of charges at trial. His conviction is affirmed.