No. 26,077

H. Boxer, *Appellant,* v. R. G. Kirkwood, *Appellee.*

SYLLABUS BY THE COURT.

Trial—*Discretion of Trial Court—Admission of Evidence.* A contract was
made for the sale of personal property, a check upon a bank in another town
being given in part payment. The seller, learning by telephone on the
same day that no funds were on deposit sufficient to meet the check under-
took to rescind the contract and refused to perform it. The buyer sued for
breach of the contract and testified that he had money on deposit to meet
the check when it was drawn. It is held that at this stage of the proceedings
the controlling issue was the existence of the deposit, and that it was within
the discretion of the trial court to reject a later offer of the buyer to show
that the seller took the check with knowledge that while the money was
not on deposit arrangements had been made to procure it in time to meet
the check on presentation.

Appeal from Sedgwick district court, division No. 2; Thornton W. Sargent,
judge. Opinion filed December 5, 1925. Affirmed.

*E. L. Foulke* and *James B. Nash,* both of Wichita, for the appellant.

*Chester I. Long, Joseph D. Houston, Austin M. Cowan, Claude I. Depew,
James G. Norton* and *W. E. Stanley,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Mason, J.: About three o'clock p. m. of January 4, 1923, at El
Dorado, R. G. Kirkwood entered into a written contract with H.
Boxer to sell to him some oil-well casing. The writing recited the
receipt of Boxer's check for $200 on account, the balance to be paid
when the pipe was measured, not later than January 15. The
check was drawn on a bank at Peabody. On the afternoon of the
same day Kirkwood (by his son and agent, who had conducted
the transaction) telephoned to the bank inquiring if Boxer had
money on deposit to meet the check. The reply was that he had
not. Kirkwood then on the same day mailed a letter to Boxer in-
closing the check and saying: "We called the bank over the phone
and they advised us that your account would not stand this check,
so we believe it advisable to call the deal off, as we do not wish
to be held up in the sale of this pipe." Boxer later caused the Pea-
body bank to mail to Kirkwood at Wichita a certified check for
$200, which arrived on January 7 or 8, and was returned. Boxer

Trial, 38 Cyc. p. 1344.

sued Kirkwood for damages for breach of the contract. Judgment was rendered for the defendant, and the plaintiff appeals.

The jury were instructed to return a verdict for the defendant if they found that plaintiff had no funds on deposit on January 4 to meet the check. They found specifically that such was the case, and that the defendant was so informed at the time by telephone. A general verdict was returned for the defendant. The plaintiff had asked instructions, which were refused, to the effect that the verdict should be for him unless his check had been presented at the bank for payment, and also that although the defendant had been told by the cashier that no funds were on hand to meet it, he was required to notify the plaintiff of this fact and give him an opportunity to make the check good.

In behalf of the plaintiff authorities are cited as to what is required to constitute a sufficient presentation of a note, bill or draft, where that is required, for instance, to charge an indorser, or the drawer. We do not regard these as pertinent to the situation here presented. The defendant is standing upon his right to refuse to perform the contract—to rescind it—because of a vital misrepresentation—the giving of a check with the understanding that it was backed up by an actual deposit, which was contrary to the fact. The mere giving of a check without qualifying words is said to amount to a representation that the funds to meet it are on deposit—sometimes with the alternative that the drawer has reasonable ground to believe it will be honored. (5 R. C. L. 483; 11 R. C. L. 852.) For illustration: "The giving of the check, if given without an explanation to the contrary, was in and of itself a representation, symbol, or token that the defendant had money on deposit in the bank on which the check was drawn." (*Eaton v. State,* 16 Ala. App. 405, 406.) We need not now determine, however, whether the giving of a check as part payment of an article to be purchased warrants a rescission of the contract by the seller upon learning there are no funds on deposit to meet it. The question to be decided is one growing out of the particular circumstances of the case.

The petition set out the making of the contract of sale and its breach. The answer presented the defense already indicated—rescission because no funds were on deposit to meet the check. The reply was a mere general denial. The plaintiff as the first witness testified that the defendant made no objection to his giving the

Boxer v. Kirkwood.

check instead of cash. The following is a part of his cross-examination:

"You want to testify then that you did have money on deposit in the Peabody State Bank? Yes, sir.

"At the time you gave this check? Yes, sir.

"And enough to pay this check? Yes, sir.

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"Did you have the book balanced showing you had a balance on that date? I know I had money on deposit there.

"You haven't anything to show it, have you? I haven't with me, no.

"You did have enough to pay this check? Yes, sir.

"That was on January 4? Yes, sir."

In rebuttal the plaintiff offered to testify that in the conversation at the time the deal was made he told the defendant he was shipping some scrap iron, had a draft for it in the bank, and would have to use the money from it to make the initial payment—that is, to meet the check; and that the defendant knew all about this at the time. This offer was refused, and complaint is made of that ruling. We think it was within the discretion of the court to refuse to allow the plaintiff, after having testified explicitly and repeatedly that he had money on deposit to meet the check at the time it was drawn, to introduce evidence that while he did not have the money there, he had arrangements made by which he expected to obtain it, and that the defendant accepted the check with knowledge of this condition. The plaintiff's testimony already quoted placed an interpretation on his general denial and had much the force of a pleading. No explanation was given as to why, if the facts were as outlined in his offer of proof, the plaintiff had at first testified that the money to meet the check was on deposit when it was drawn. The trial judge, who had the advantage of seeing and hearing the witness, was in a better position than this court to determine whether the change of attitude should be permitted. Without the admission of the new line of evidence the case necessarily turned upon the question whether the check was drawn against an actual deposit.

The judgment is affirmed.