No. 44,533

Glen P. Foor, *Appellant,* v. State of Kansas, *Appellee.*

(413 P. 2d 719)

Opinion filed April 28, 1966.

*Tom Crosson,* of Independence, court-appointed counsel, argued the cause and was on the briefs for the appellant.

*Monte K. Heasty,* Assistant County Attorney, argued the cause and *Robert C. Londerholm,* Attorney General, and *B. D. Watson,* County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, C. J.: This is an appeal from a judgment denying petitioner's motion to set aside and vacate a judgment and sentence under the procedure provided by K. S. A. 60-1507.

On April 3, 1961, petitioner, Glen P. Foor, entered a plea of guilty in the district court of Montgomery County to the charge of feloniously issuing a $350 worthless check under the provisions of G. S. 1949, 21-554. He was sentenced to serve a term of not exceeding five years. At the time he entered his plea of guilty he was represented by court-appointed counsel. He was committed to the Kansas State Penitentiary to serve the sentence imposed.

On August 15, 1962, petitioner was granted a parole by the Kansas Board of Probation and Parole. While on parole he was arrested in the State of Louisiana and received a six-month sentence to be served in Parish Prison. On February 1, 1963, he was taken from Parish Prison on a federal warrant and sentenced to two years in the Federal Prison at Atlanta, Georgia. Subsequently he was returned to Kansas as a parole violator to serve the remainder of the sentence imposed upon him by the district court of Montgomery County.

On August 22, 1965, petitioner filed a motion to set aside and vacate his Kansas judgment and sentence. Basically, the grounds upon which petitioner relied in such motion to vacate were: (1) Loss of jurisdiction by the Kansas Board of Probation and Parole to supervise petitioner, and (2) petitioner was not guilty of feloniously issuing a worthless check, but was guilty merely of an attempt.

The trial court found that it had no jurisdiction to consider petitioner's alleged errors assigned to the action of the Kansas Board of Probation and Parole and that the sentence imposed was valid in all respects and the motion should be overruled.

Thereafter petitioner perfected the instant appeal and capable counsel was appointed to assist him in this court.

Appellant first contends that he was wrongfully sentenced for an offense of issuing a no fund check under the provisions of G. S. 1949, 21-554 to a term of one to five years, when he should have been sentenced for an attempt to issue a no fund check under the provisions of G. S. 1949, 21-101 for a term of not to exceed two and one-half years.

We find no merit in the appellant's contention. The charge in the information was to the effect that he "did then and there wilfully, wrongfully, unlawfully and feloniously make, utter and deliver" a check well knowing he had no funds on deposit. He entered a plea of guilty to the charge after advising with his court-appointed counsel.

Appellant's own statements of his acts establish his guilt as charged. He states the facts as follows:

"Petitioner wishes to point out the Honorable Court at this time, he was found guilty of issuing a worthless check in Montgomery County, State of Kansas after entering a plea of guilty to such a charge on April 3, 1961. The said check in question being issued to the Earl Young Motor Company for the down payment on an automobile, to-wit: a 1958 Mercury Park-lane, identification number unknown.

"A check of the Kansas Motor Vehicle Bureau will reveal such an automobile has never been titled in the name of the petitioner.

"Section 21-554, entitled giving a worthless check, calls for a penalty of one (1) to five (5) years at hard labor; however, the petitioner believes this General Statute in reality does not apply to him as he received nothing in return for the check issued. . . ."

Appellant then contends that although he issued the check he received no money; that the automobile was never titled in his name or a finance plan consummated, and that the automobile was returned to the Earl Young Motor Company when he was arrested.

The worthless check act does not concern itself with whether or not the offender was able to keep his ill-gotten gains. G. S. 1949, 21-554 provided:

"It shall be unlawful for any person, corporation, or partnership, to draw, make, utter, issue or deliver to another any check or draft on any bank or depository for the payment of money or its equivalent, knowing, at the time of the making, drawing, uttering or delivery of any such check or draft as aforesaid that he has no funds on deposit in or credits with such bank or depository with which to pay such check or draft upon presentation."

It is the uttering, issuing, or delivering the check for the payment of money or the equivalent that constitutes the offense. The fact that the swindled party is able to recover the money or its equivalent does not abate or lessen the crime. The purpose of the act was to stop the mischievous practice of overdrafting and "check-kiting" by the issuance of no fund checks. See, e. g., *The State v. Avery,* 111 Kan. 588, 207 Pac. 838; *In re Myers,* 119 Kan. 270, 237 Pac. 1026.

The offense was complete when the worthless check was issued to the Earl Young Motor Company as a down payment on the automobile.

The appellant next contends that the Kansas Board of Probation and Parole acted without authority in revoking his parole; in forfeiting the good time credit earned or to be earned by appellant, and in assessing one month and three days delinquent time against appellant because of his parole revocation.

The provisions of K. S. A. 60-1507 do not provide a method for inquiring into the propriety of the acts of the Kansas Board of Probation and Parole. The provisions are available only for the purpose of inquiring into the propriety of a judgment or sentence. The section, so far as here material, provides:

"(a) *Motion attacking sentence.* A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may at any time move the court which imposed the sentence to vacate, set aside or correct the sentence."

Proceedings and acts of the board which occur subsequent to the original sentence can have no effect upon the validity of the sentence.

A careful examination of the record discloses no basis for granting appellant the relief requested.

The conclusions reached make it unnecessary to determine other questions raised by the state.

The judgment is affirmed.