(631 P.2d 1255)
No. 52,729

STATE OF KANSAS, *Appellee,* v. LONNIE A. HAMILTON, *Appellant.*

Opinion filed August 7, 1981.

*D. William Provance,* of Shawnee, for the appellant.

*Kevin P. Moriarty,* assistant district attorney, *Robert T. Stephan,* attorney general, and *Dennis W. Moore,* district attorney, for the appellee.

Before FOTH, C.J., PARKS and SWINEHART, JJ.

SWINEHART, J.: This is a direct appeal from a conviction of theft by deception. The first issue presented is basically whether under the facts of this case there was sufficient evidence to find defendant guilty of theft by deception (K.S.A. 1979 Supp. 21-3701[b]).

Briefly stating the facts, defendant contacted Glenn Fire Protection to have an automatic fire extinguisher system installed in his restaurant. The system was installed on February 19, 1979. On the following day, Coley Glenn, the principal owner of the company, presented defendant with an invoice for $910 and requested payment. Defendant signed the invoice and promised to pay Glenn the next day.

From February 21, 1979, to March 25, 1979, both Glenn and his son made frequent contact with defendant about paying the bill. Finally, on March 26, 1979, defendant wrote a check to Glenn for the amount due. On April 4, Glenn received notice that defendant's check had been returned marked "insufficient funds." Despite repeated efforts, Glenn was never able to collect on the bill, nor was he able to recover the equipment.

On October 4, 1979, defendant was charged with issuing a worthless check, contrary to K.S.A. 21-3707. At defendant's preliminary hearing on February 27, 1980, the court held that the charge was improper for the reason that defendant had sufficient funds in other accounts which were subject to transfer to the account on which the worthless check was drawn at the time the check was drawn. The court, however, permitted the State to amend the information so as to charge defendant with theft by deception, contrary to K.S.A. 1979 Supp. 21-3701.

On appeal, defendant argues that there was insufficient evidence to find him guilty of theft by deception.

It should first be noted that both sides in their briefs focus incorrectly on March 26, 1979 — the date the worthless check was issued — as being the date defendant allegedly committed the crime of theft by deception. The law is clear that in order to convict a defendant of theft by deception under K.S.A. 1979 Supp. 21-3701(*b*), the State must prove that the defendant with the required intent obtained control over another's property *by means* of a false statement or representation. *State v. Saylor*, 228 Kan. 498, 500, 618 P.2d 1166 (1980). In the instant case defendant obtained control over Glenn's equipment on February 19, 1979, by promising to pay him for the equipment and labor. Obviously, Glenn could not have relied on defendant's "representation" that the check was good in parting with his property for the reason that the check was not issued until at least five weeks after the equipment was installed. The real issue to be decided, then, is whether a false promise to pay alone can be the basis for a conviction for theft by deception.

In order to resolve this question, an examination of K.S.A. 1979 Supp. 21-3701(*b*) is necessary.

21-3701 was enacted in 1969 (effective July 1, 1970), as a consolidated theft statute to combine the former crimes of larceny, embezzlement, false pretenses, extortion, receiving stolen property and the like into a single crime of theft. The crime of theft by deception is covered under K.S.A. 1979 Supp. 21-3701(*b*) which states in pertinent part as follows:

"**Theft.** Theft is any of the following acts done with intent to deprive the owner permanently of the possession, use or benefit of the owner's property:

. . . .

"(*b*) Obtaining by deception control over property; . . ."

K.S.A. 1979 Supp. 21-3110 defines several of the words used in the theft statute:

"**General definitions:** The following definitions shall apply when the words and phrases defined are used in this code, except when a particular context clearly requires a different meaning.

. . . .

"(5) 'Deception' means knowingly and willfully making a false statement or representation, express or implied, pertaining to a present or past existing fact.

. . . .

"(11) 'Obtain' means to bring about a transfer of interest in or possession of property, whether to the offender or to another.

"(12) 'Obtains or exerts control' over property includes but is not limited to, the taking, carrying away, or the sale, conveyance, or transfer of title to, interest in, or possession of property."

In *State v. Finch,* 223 Kan. 398, 400, 573 P.2d 1048 (1978), the court stated:

"Because section (*b*) of 21-3701 is the only provision in the 1970 criminal code dealing with the crime of obtaining property by deception or fraud, it is clear that that subsection incorporates therein the former crime of obtaining property by false pretenses. That offense was previously defined and made a crime in K.S.A. 21-551 (Corrick 1964) which was repealed when the new criminal code became effective. In prosecutions under the former statute the state was required to prove the following four elements to establish the crime of obtaining property by false pretenses:

"(1) There must be an intent to defraud;

"(2) there must be an actual fraud committed;

"(3) false pretenses must have been used for the purpose of perpetrating the fraud; and

"(4) the fraud must be accomplished by means of the false pretenses made use of for the purpose, that is, they must be the cause, in whole or in part, which induced the owner to part with his money or property. [Citations omitted.]"

In regard to the offense of theft by deception, Professor Paul E. Wilson states in an article entitled *Thou Shalt Not Steal: Ruminations on the New Kansas Theft Law,* 20 Kan. L. Rev. 385, 406-407 (1972):

"Theft by deception includes the former crimes of false pretense and larceny by trick. The distinction between obtaining title and obtaining possession only has been eliminated. Proof of deception requires evidence of a knowing and willful false statement or representation, express or implied, pertaining to a present or past existing fact. In limiting theft by deception to those cases involving false representations of 'present or past existing fact,' the code adheres to Kansas precedent and declines to follow the trend evidenced in other states which allow prosecutions based on false promises that the offender does not intend to perform or knows will not be performed.

"In declining to base criminal liability on promissory fraud, the legislature recognized the argument that to do otherwise would subject defaulting debtors to abusive prosecutions to force them to pay. One may question whether the argument has validity, in view of the experience of half-a-dozen or more states who have permitted prosecutions to be based on false promises. It has been said that 'the state of a man's mind is as much a fact as the state of his digestion.' To grant immunity to the swindler who is sufficiently clever to couch his fraudulent representations in terms of promises made without intention to perform is a bit hard to justify. The threat of the unfortunate debtor seems easily overcome by the insertion of language similar to that of Illinois, which reads: 'Failure to perform standing alone is not evidence that the offender did not intend to perform.'

"Whatever the merits of the foregoing argument, it is apparently irrelevant. The drafters of the Kansas Code clearly limited deception to representations of past or present existing fact. An assurance as to a future transaction, however false or fraudulent it may be, is not, according to the weight of authority, a false pretense that lays the foundation for a criminal prosecution."

Consistent with Wilson's view of the intent of our statute is 3 Wharton's Criminal Law § 431, pp. 472-473 (1980):

"A defendant who obtains money or property from another by means of a promise to perform a certain act in the future, but fails to keep the promise, is not guilty of any crime where the evidence indicates that his promise to perform was not untruthful when made. Even if the defendant made a 'false promise', i.e., at the time the promise was made he did not intend to perform it, he would not be guilty of the crime of obtaining money or property by false pretenses, because a false promise does not qualify as a false pretense."

In addition, 3 Wharton's Criminal Law § 432, pp. 477-478 (1980) states:

"Although, over the years, in accordance with the great weight of authority, a false promise was not a false pretense within the meaning of the offense of obtaining money or property by false pretenses, an increasing number of statutes are coming to recognize it as a predicate for criminal liability. Ordinarily, however, a false promise, i.e., a promise which the defendant never intended to perform, may not be inferred from the fact alone that such promise was not performed. The obvious purpose of this safeguard is to prevent a promisor, whose promise was truthful when made, from being guilty of a crime merely because he has defaulted."

An examination of Kansas cases under our former false pretenses statute, K.S.A. 21-551 (Corrick 1964), and under our present theft by deception statute, K.S.A. 1979 Supp. 21-3701, reveals no set of facts wherein a defendant was held criminally liable for a false promise alone. See *State v. Saylor,* 228 Kan. 498, wherein defendant went into a self-service store, concealed items in a toy box and represented to the cashier that he was only buying the toy box; *State v. Handke,* 185 Kan. 38, 340 P.2d 877 (1959), wherein defendant falsely represented to the complaining witness and his wife that he would build them a house within 60 to 90 days, that he had three crews of workmen, and that he owned the land upon which the house was to be built; *State v. Visco,* 183 Kan. 562, 331 P.2d 318 (1958), wherein defendant represented himself to be an ad salesman for a trade magazine which in fact did not exist; *State v. Robinson,* 124 Kan. 245, 259 Pac. 691 (1927), wherein defendant made material misrepresentations to buyers of oil and gas

leases, and such leases were in fact of little or no value; *State v. Nash,* 110 Kan. 550, 204 Pac 736 (1922), wherein defendant made material misrepresentations as to value of stock in stock trade; *State v. Holmes,* 98 Kan. 174, 157 Pac. 412 (1916), wherein defendant through another fraudulently effected a sale of his team of horses and then afterwards approached the purchaser and represented that the horses had been stolen, and demanded payment for their value; *State v. McCormick,* 57 Kan. 440, 46 Pac. 777 (1896), wherein defendant at the time of the transaction gave the seller a check and represented that he had sufficient funds on account at a certain bank: in fact, he never had any money there nor any account with the bank; and *In re Payson, Petitioner,* 23 Kan. 757 (1880), wherein defendant obtained the signature of the owner of real property not for the purpose of recording a deed for her, but for the purpose of transferring title to himself.

From the foregoing, it can be concluded that our statute does not equate a false promise with a false pretense.

Turning to the facts in this case, it is clear that defendant made no deceptive statement or representation, within the meaning of the statute, at the time he authorized installation of the equipment or at the time the equipment was installed. Specifically, defendant called Glenn and told him that he needed fire extinguisher equipment installed in his restaurant in order to get a permit from the city to open. All of this was true. Whether defendant intended at the time he contacted Glenn to keep his promise to pay for the equipment is irrelevant. A false promise alone is insufficient to uphold a conviction for theft by deception.

The remaining issues on appeal are moot.

Reversed and remanded with directions to discharge the defendant.