(688 P.2d 1224)
No. 55,955

STATE OF KANSAS, *Appellee*, v. WILLIAM E. MCCONNELL, *Appellant*.

Opinion filed September 6, 1984.

*James S. Phillips, Jr.*, of Phillips & Phillips, Chartered, of Wichita, for the appellant.

*James D. Hall*, assistant district attorney, *Robert T. Stephan*, attorney general, and *Clark V. Owens*, district attorney, for the appellee.

Before BRISCOE, P.J., ABBOTT and SWINEHART, JJ.

SWINEHART, J.: Defendant William McConnell appeals his conviction for giving a worthless check (K.S.A. 21-3707), arguing error in certain evidentiary rulings.

On December 22, 1982, defendant wrote a check for $1,391.30 to G & L Garage in payment for various automobile repairs. At the time defendant delivered the check to George Bell, owner and operator of G & L Garage, he produced a deposit receipt showing that he had just made a deposit and stated that he had $1,500 in his checking account at Mid Kansas Federal Savings & Loan. After the check was returned to Bell for insufficient funds, he phoned defendant at work on January 12, 1983. Defendant assured Bell that arrangements would be made or he would call back. Bell phoned defendant a second time on January 16 about the check, and at that time defendant refused to pay, stating he was dissatisfied with the repairs. Defendant never paid the $1,391.30 automobile repair bill.

Defendant was brought to trial on the charge of giving a worthless check (K.S.A. 21-3707). The jury found him guilty and he was sentenced to one to two years imprisonment. Defendant appeals.

The first issue on appeal is whether the trial court committed prejudicial error when it excluded evidence related to defendant's reasons for withdrawing money from his checking account subsequent to December 22, 1982. The trial court sustained the State's motion in limine to disallow any testimony or evidence of defendant's complaint of the services rendered by G & L Garage. Defendant proffered at trial the testimony of two witnesses and himself on the various problems and defects found with the repairs. It was also argued that this evidence bore on defendant's intent to stop payment of the check indirectly by writing later checks which left insufficient funds to cover the check to G & L Garage. In support of this argument, defendant cited *Hardeman v. State,* 154 Ga. App. 364, 268 S.E.2d 415 (1980). The trial court correctly distinguished *Hardeman* as involving a different intent as to why the accused stopped payment of a check drawn on an account which had sufficient funds. In the present case, the intent of defendant at issue is adjudged at the moment the check was made and whether sufficient funds then existed.

The worthless check statute was intended "to stop the mis-

chievous practice of overdrafting and 'check-kiting' by the issuance of no fund checks." *Foor v. State,* 196 Kan. 618, 620, 413 P.2d 719 (1966). The Kansas Supreme Court has stated:

"The gravamen of the offense of giving a worthless check as proscribed by K.S.A. 21-3707 is the act of putting a negotiable check into circulation with knowledge that sufficient funds or credit are not on deposit to pay the amount specified in the instrument. The offense is complete when such an instrument is issued with intent to defraud, and it is not necessary to show that the check was presented for payment at the drawee bank in order to prove the crime." *State v. Powell,* 220 Kan. 168, 173, 551 P.2d 902 (1976).

The accused's intent at the time the check is drawn and delivered is the intent in issue.

A rebuttable presumption as to intent and knowledge is defined in K.S.A. 21-3707(2), which provides:

"In any prosecution against the maker or drawer of a check, order or draft payment, of which has been refused by the drawee on account of insufficient funds, the making, drawing, issuing or delivering of such check shall be prima facie evidence of intent to defraud and of knowledge of insufficient funds in, or on deposit with, the drawee unless the maker or drawer pays the holder thereof the amount due thereon and a service charge not exceeding $3 for each check, within seven days after notice has been given to the maker or drawer that such check, draft or order has not been paid by the drawee. As used in this section, 'notice' includes oral or written notice to the person entitled thereto. Written notice shall be presumed to have been given when deposited as restricted matter in the United States mail, addressed to the person to be given notice at such person's address as it appears on such check, draft or order."

Through George Bell's testimony, the State presented the necessary evidence giving rise to this presumption.

This presumption can be rebutted by the showing of a reasonable expectation that the check would be paid upon presentation for payment. *State v. Haremza,* 213 Kan. 201, 205, 515 P.2d 1217 (1973). Defendant testified that before issuing the check to G & L Garage, he phoned the bank and asked for the balance of his account. The bank's recorded balance was apparently adequate for the check to clear. Defendant stated that he relied on this information and the fact that he had obtained two loans which were deposited in the McConnell Air Force Base Credit Union (AFB Credit Union). Defendant said he transferred $1,400 of these funds into Mid Kansas Federal Savings & Loan. The receipt from this transfer deposit was the one presented to G & L Garage when defendant delivered the check. As a rebuttal witness, the State called Bobby Platt, an employee with AFB Credit

Union who handles new accounts. Ms. Platt testified with the aid of various bank records that defendant made no deposits in the amount of the loans which defendant said he had taken out.

The premise of defendant's argument on this issue is that sufficient funds existed on December 22, 1982, in the Mid Kansas Federal account to cover the check to G & L Garage. While the paper balance of the Mid Kansas Federal account indicated adequate funds, the actual balance was much lower as the deposited check from AFB Credit Union was returned for insufficient funds. Defendant could not have reasonably expected the check to G & L Garage to clear on presentation, since the deposit to Mid Kansas Federal was a check which lacked sufficient funds.

Defendant's reasons for writing checks after December 22, 1982, are irrelevant, and the State's prima facie showing of defendant's intent at the time he made and delivered the check was never rebutted. The balance of the Mid Kansas Federal account was insufficient to cover the G & L Garage check, regardless of the later checks written.

The evidence of defendant's complaints on the repairs was likewise irrelevant and would only have confused the jury as to the relevant intent and possibly converted a criminal trial into litigation of a consumer complaint. Such evidence was properly excluded.

Defendant next argues that the trial court erred in permitting a records clerk from Mid Kansas Federal to render opinions as to the alleged misleading nature of Mid Kansas Federal's records of defendant's checking account, thereby impairing defendant's right to a fair trial. Defendant refers to several instances during trial when Patricia Mears, a clerk for Mid Kansas Federal who handles insufficient fund checks, ostensibly gave her opinion over defendant's objection, resulting in a denial of a fair trial. The instances include: (1) From the various stamps upon the check, Ms. Mears testified as to when the check arrived at Mid Kansas Federal; (2) Ms. Mears said the records do not accurately reflect the deposits and credits actually "clearing through other channels"; (3) Ms. Mears agreed that an exhibit would aid in understanding her testimony; (4) Ms. Mears stated the defendant's check to G & L Garage would not have been covered by defendant's account during the period of December 14, 1982, to

January 14, 1983; (5) Ms. Mears explained that the $1,464.36 balance of defendant's account on December 22, 1982, was the paper balance, and the actual or real balance was $264.36.

In the first instance, defendant objected on the ground that the exhibit speaks for itself, and in the fourth instance, defendant objected on the basis of an "overbroad question." A point cannot be raised for the first time on appeal. *Lantz v. City of Lawrence,* 232 Kan. 492, 500, 657 P.2d 539 (1983). In the fifth instance, defendant failed to object and to preserve this point for appeal. K.S.A. 60-404.

Ms. Mears was not offered as an expert witness. As a lay witness, she may testify to her opinions or inferences if the judge finds the opinions or inferences (a) may be rationally based on the perception of the witness and (b) are helpful to a clearer understanding of her testimony. K.S.A. 60-456(a). The trial judge is deemed to have made the requisite finding if the testimony is admitted. K.S.A. 60-456(c). The admission of opinion testimony rests within the trial court's discretion. *State v. Craig,* 215 Kan. 381, 383, 524 P.2d 679 (1974).

Ms. Mears was personally acquainted with defendant's account. Much of her testimony was an explanation of relevant banking procedures with which Ms. Mears was quite familiar. Her conclusions were rationally based on those procedures and her experience. Since her opinions were often not simply a matter of common knowledge, the jury's province was not invaded. The trial court did not abuse its discretion in allowing certain testimony of Ms. Mears.

We next examine defendant's complaint that the trial court committed prejudicial error in admitting evidence of defendant's alleged writing of worthless checks prior to and subsequent to the date of the alleged crime, December 22, 1982. After conducting a hearing, the trial court sustained the State's motion in limine to admit evidence of other insufficient fund checks written by defendant on his Mid Kansas Federal account during the four months (October 26, 1982, to February 16, 1983) it had been an operable account. Defendant renewed his objection at trial. In admitting this evidence, the trial court relied on two alternative grounds—res gestae and K.S.A. 60-455.

The doctrine of res gestae has been generally explained as:

"Acts done or declaration made before, during or after the happening of the

principal occurrence may be admissible as part of the res gestae where the acts or declarations are so closely connected with it as to form in reality a part of the occurrence." *State v. Sherry,* 233 Kan. 920, 932, 667 P.2d 367 (1983).

*State v. McDaniel & Owens,* 228 Kan. 172, 176, 612 P.2d 1231 (1980). Evidence admissible as part of the res gestae has included evidence of an attempt to conceal a crime which is considered "part and parcel" of the general scheme, *State v. Hale,* 206 Kan. 521, 525, 479 P.2d 902 (1971), "closely related in time" to the alleged crime, *McDaniel & Owens,* 228 Kan. at 177. "Evidence that does not constitute a portion of the crimes charged is admissible if there are some natural, necessary, or logical connections between them and the inference or result which they are designed to establish." *State v. Gray,* 235 Kan. 632, 635, 681 P.2d 669 (1984). The connection between other insufficient fund checks and the one written to G & L Garage appears too tenuous to justify application of the res gestae doctrine.

Trial courts, in determining the admissibility of other civil wrongs or crimes under K.S.A. 60-455, employ a three-part test: (1) Is the evidence relevant on the basis of factual similarity? (2) Is the crime or wrong evidence of one or more of the exceptions enumerated in K.S.A. 60-455 which are substantially in issue? (3) Does the probative value of this evidence outweigh its prejudicial effect? *State v. Moore,* 218 Kan. 450, 454, 543 P.2d 923 (1975). The Kansas Supreme Court has held evidence of other insufficient fund checks admissible in a prosecution under K.S.A. 21-3707. *State v. Powell,* 220 Kan. at 170-71; *State v. Shannon,* 194 Kan. 258, 262, 398 P.2d 344, *cert. denied* 382 U.S. 881, *reh. denied* 382 U.S. 922 (1965). In both *Powell* and *Shannon,* the checks or records were held admissible as evidence of one of the exceptions within K.S.A. 60-455.

In the present case, the trial court instructed the jury that the evidence of other insufficient fund checks was to be "considered solely for the purpose of proving the defendant's intent, preparation, plan, knowledge or absence of mistake or accident." This limiting instruction satisfies the general requirement of instructing the jury as to the limited purpose of this evidence. *State v. Green,* 232 Kan. 116, 120, 652 P.2d 697 (1982).

McConnell's primary defense was the lack of intent and knowledge. These other insufficient fund checks were definitely

probative of defendant's intent and knowledge. Since their probative value clearly outweighs any tendency to prejudice the jury, the trial court did not abuse its discretion in admitting these checks. See *State v. Powell,* 220 Kan. at 170-71.

Defendant also claims that the trial court committed prejudicial error by admitting into evidence records of defendant's account from the AFB Credit Union. However, since defendant has failed to brief this point on appeal, it is deemed abandoned. *State v. Cooper,* 223 Kan. 175, 177, 573 P.2d 1006 (1977). These records were relevant in rebutting defendant's testimony that he expected the check to G & L Garage to clear because of the check drawn from the AFB Credit Union and deposited in the Mid Kansas Federal Account.

Defendant maintains the cumulative effect of those contested evidentiary rulings was to deny him a fair trial. The rule regarding such a challenge is "whether the totality of circumstances substantially prejudiced the defendant and denied him a fair trial." *State v. Williams,* 235 Kan. 485, 496, 681 P.2d 660 (1984), citing *State v. Gammill,* 2 Kan. App. 2d 627, 633, 585 P.2d 1074 (1978). Since each of defendant's challenges to the trial court's evidentiary rulings has been found meritless, this argument of cumulative error must also fail.

Defendant argues that the trial court erred in overruling defendant's motion for judgment of acquittal. We find defendant has abandoned the issue of judgment of acquittal by his failure to brief it.

Finally, we examine whether the evidence was sufficient to support the verdict. The applicable standard of review of such an argument is: Does the evidence, when viewed in the light most favorable to the prosecution, convince the appellate court that a rational factfinder could have found defendant guilty beyond a reasonable doubt? *State v. Pham,* 234 Kan. 649, 667-68, 675 P.2d 848 (1984). The court need not weigh the evidence in favor of the verdict, and if the essential elements of the offense are sustained by any competent evidence, the conviction stands. *Pham,* 234 Kan. at 668; *State v. Rodriquez,* 8 Kan. App. 2d 353, 357, 657 P.2d 79, *rev. denied* 233 Kan. 1093 (1983).

The State presented evidence which gave rise to the rebuttable presumption as to intent and knowledge under K.S.A. 21-3707(2). Defendant in his testimony attempted unsuccessfully to

rebut this presumption. It is not the appellate court's function to reweigh the evidence and pass upon the credibility of a witness. *State v. Williams,* 234 Kan. 233, 239, 670 P.2d 1348 (1983). Sufficient evidence exists to sustain defendant's conviction.

Affirmed.