No. 57,810
and
No. 58,271

STATE OF KANSAS, *Appellant,* v. PETER RINGI, a/k/a PETER RING, a/k/a
PETER J. PELLIGRINO, *Appellee.*

(712 P.2d 1223)

Opinion filed January 17, 1986.

*Geary N. Gorup,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, were with him on the brief for appellant.

*Charles A. O'Hara,* of O'Hara, O'Hara & Tousley, of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a consolidated appeal of two criminal cases which arose following the deposit of an allegedly worthless check by the defendant, Peter Ringi, in a Wichita bank. For purposes of this appeal, the facts are undisputed and are essentially as follows: On the 24th day of January, 1984, defendant Ringi went to Eastside Bank and Trust in Wichita and deposited a check drawn on the Ringi Investment Account in the United American Bank of Memphis, Tennessee. The check, which was in the amount of $5,000, was deposited in Ringi's business account at Eastside Bank and Trust. The evidence at the preliminary hearing showed that at the time the check was deposited the actual balance in the Memphis bank was well under $5,000.

On the next day, January 25, 1984, the defendant went back to Eastside Bank and Trust and obtained a cashier's check in the amount of $7,000 from that bank based in part upon the deposit made the previous day. Then the Memphis bank check bounced.

The funds in defendant's account at Eastside Bank and Trust were insufficient to pay the cashier's check issued on January 25, 1984.

On August 30, 1984, criminal Case No. 84 CR 1420 was filed in Sedgwick County charging defendant with giving a worthless check in violation of K.S.A. 1984 Supp. 21-3707. On November 8, 1984, a preliminary hearing was held. Defendant was bound over for trial on the charge of giving a worthless check. A jury trial was scheduled for January 7, 1985. Prior to the trial date, the assistant district attorney and the defense counsel discussed the possibility that the defendant had not been properly charged, because he had not received anything of value from the bank at the time the Memphis bank check was deposited. A hearing was held before the Honorable Paul W. Clark on defendant's motion to dismiss the charge. The basic legal argument made to Judge Clark was that on January 24, 1984, at the time the check was deposited defendant did not receive anything of value because the defendant did not receive the cashier's check until the next day, January 25, 1984. Defendant contended that defendant should have been charged with theft by deception under K.S.A. 1984 Supp. 21-3701(b) and not on a worthless check charge. The court accepted the argument of the defendant and dismissed the worthless check charge. On January 8, 1985, the State filed a new complaint/information in Case No. 85 CR 30, charging the defendant Ringi with theft by deception contrary to K.S.A. 1984 Supp. 21-3701(b). On January 31, 1985, a preliminary hearing was held before the Honorable Montie Deer on the charge of theft by deception and defendant was bound over for jury trial.

On February 4, 1985, the State filed an appeal to the appellate courts from the order of the district court dismissing the worthless check charge in Case No. 84 CR 1420. Defendant then filed a motion to dismiss Case No. 85 CR 30 on the basis that the district court lacked jurisdiction over the case because of the appeal filed by the State in Case No. 84 CR 1420. On May 1, 1985, the Honorable James Beasley dismissed 85 CR 30 on the basis that the court lacked jurisdiction in view of the appeal in the prior case. The State then appealed the dismissal of Case No. 85 CR 30 and the two pending appeals were consolidated and transferred to the Supreme Court for hearing.

We will first consider the appeal in Case No. 84 CR 1420. The

basic issue presented in that appeal is whether the district court erred in dismissing that case in which defendant was charged with giving a worthless check under K.S.A. 21-3707 on the basis that the defendant did not receive something of value for the check at the time defendant issued and delivered the check for deposit to Eastside Bank and Trust of Wichita. The worthless check statute (K.S.A. 1984 Supp. 21-3707) provides as follows:

"21-3707. **Giving a worthless check.** (1) Giving a worthless check is the making, drawing, issuing or delivering or causing or directing the making, drawing, issuing or delivering of any check, order or draft on any bank, credit union, savings and loan association or depository for the payment of money or its equivalent with intent to defraud and knowing, at the time of the making, drawing, issuing or delivering of such check, order or draft, that the maker or drawer has no deposit in or credits with the drawee or has not sufficient funds in, or credits with, the drawee for the payment of such check, order or draft in full upon its presentation.

"(2) In any prosecution against the maker or drawer of a check, order or draft payment, of which has been refused by the drawee on account of insufficient funds, the making, drawing, issuing or delivering of such check shall be prima facie evidence of intent to defraud and of knowledge of insufficient funds in, or on deposit with, the drawee unless the maker or drawer pays the holder thereof the amount due thereon and a service charge not exceeding $3 for each check, within seven days after notice has been given to the maker or drawer that such check, draft or order has not been paid by the drawee. As used in this section, 'notice' includes oral or written notice to the person entitled thereto. Written notice shall be presumed to have been given when deposited as restricted matter in the United States mail, addressed to the person to be given notice at such person's address as it appears on such check, draft or order.

"(3) It shall be a defense to a prosecution under this section that the check, draft or order upon which such prosecution is based:

"(a) Was postdated, or

"(b) was given to a payee who had knowledge or had been informed, when the payee accepted such check, draft or order, that the maker did not have sufficient funds in the hands of the drawee to pay such check, draft or order upon presentation.

"(4) Giving a worthless check is a class E felony if the check, draft or order is drawn for $150 or more. Giving a worthless check is a class A misdemeanor if the check, draft or order is drawn for less than $150."

The predecessor to K.S.A. 1984 Supp. 21-3707, which was G.S. 1915, § 3471, was construed by this court in *State v. Avery,* 111 Kan. 588, 207 Pac. 838 (1922). In *Avery,* the defendant contended that the offense of giving a worthless check is related to the false token and false pretense group of crimes, and, consequently, in order to constitute a crime, the check must be given with intent to defraud, *and fraud must be accomplished by procuring money*

*or other valuable thing.* This court rejected that contention, holding that the purpose of the statute was to discourage overdrafts and resulting bad banking, to stop the practice of check-kiting, and generally to avert the mischief to trade, commerce and banking which the circulation of worthless checks inflicts. The statute was to be regarded as creating a new and distinct offense, and, therefore, it was not necessary that fraud had been accomplished by procuring money or other valuable thing.

The worthless check statute was again before the court in *Foor v. State,* 196 Kan. 618, 413 P.2d 719 (1966). There the defendant entered a plea of guilty to issuing a $350 worthless check in violation of G.S. 1949, 21-554. Subsequently, defendant filed a motion to vacate the judgment and his sentence on the basis that he was not guilty of issuing a worthless check because he had received no money or valuable thing at the time the check was issued. The defendant had issued a check to a car dealer for a down payment on an automobile. The defendant argued that although he issued the check he received no money. The automobile was never titled in his name nor a finance plan consummated, and the automobile was returned to the dealership when the defendant was arrested. This court rejected the argument of the defendant, holding that the worthless check statute is not concerned with whether or not the offender was able to keep his ill-gotten gains and that it is the uttering, issuing, or delivering of the check which constitutes the offense.

The statute in effect at the time the defendant deposited the Memphis bank check in this case on January 24, 1984, contained essentially the same language as the previous statutes. K.S.A. 21-3707 was amended effective May 17, 1984, but that amendment did not change the basic elements of the offense. The constitutionality of K.S.A. 21-3707 was upheld in *State v. Haremza,* 213 Kan. 201, 515 P.2d 1217 (1973). The statute was again before the court in *State v. Powell,* 220 Kan. 168, 551 P.2d 902 (1976). In *Powell,* it was held that the gravamen of the offense of giving a worthless check as proscribed by K.S.A. 21-3707 is the act of putting a negotiable check into circulation with knowledge that sufficient funds or credit are not on deposit to pay the amount specified in the instrument. The offense is complete when such an instrument is issued with intent to defraud, and it is not necessary to show that the check was

presented for payment at the drawee bank in order to prove the crime. The court quoted *State v. Haremza,* 213 Kan. 201, where the court stated that:

" 'The statutory elements of the offense are that the defendant issued a check, that the defendant knew there were insufficient funds in the bank at the time the check was issued and that the defendant did so with intent to defraud. When these elements are established the crime is complete.' " p.173.

The most recent case interpreting the statute is *State v. McConnell,* 9 Kan. App. 2d 688, 688 P.2d 1224 (1984), which followed the decisions of this court previously handed down in *Foor v. State,* 196 Kan. 618, and *State v. Powell,* 220 Kan. 168. Based upon those decisions interpreting K.S.A. 21-3707 and its predecessors, we hold that it is not necessary for the worthless check or draft to be used to obtain possession of money or merchandise or anything of value in order to constitute the crime of passing a worthless check. K.S.A. 1984 Supp. 21-3707 (1) provides that giving a worthless check is the making, drawing, issuing, or delivering of *any check, order, or draft on any bank, credit union, savings and loan association or depository for the payment of money or its equivalent* with intent to defraud and knowing at the time of the making, drawing, issuing or delivering of such check, order or draft that the maker or drawer has no deposit in or credits with the drawee or has not sufficient funds for the payment of such check, order or draft in full upon its presentation. The words "for the payment of money or its equivalent" simply describe the type of instrument necessary for the offense to be committed. The check, order, or draft issued must direct the payment of money or its equivalent. The statute does not require that money or its equivalent actually be received by the defendant at the time the worthless check is issued or delivered. This interpretation is clearly required by the prior decisions of the Kansas appellate courts discussed heretofore. We hold that the district court erred in dismissing Case No. 84 CR 1420 on the basis that, at the time the check was issued and delivered by the defendant for deposit, he did not receive money or something of value for the check.

We turn now to the appeal from the order of the district court dismissing Case No. 85 CR 30 on the basis that the district court lacked jurisdiction in view of the State's appeal then pending in the prior worthless check case, 84 CR 1420. In dismissing that case Judge Beasley made the following findings:

"1. That the subject matter of the instant criminal proceeding is the same subject matter as the proceeding filed by the Sedgwick County District Attorney's Office in 84 CR 1420, charging the defendant herein of the crime of giving a worthless check, contrary to K.S.A. 21-3707;

"2. That 84 CR 1420 was dismissed on January 7, 1985, by the Honorable Paul W. Clark, Judge of the Eighteenth Judicial District; that said dismissal is being properly appealed by the State of Kansas pursuant to K.S.A. 22-3602(b)(1);

"3. That the State's appeal in 84 CR 1420 causes jurisdiction of the subject matter of both 84 CR 1420 and 85 CR 30 to be only in the Supreme Court of the State of Kansas; that therefore, the Court should sustain the defendant's motion to dismiss for lack of jurisdiction;

"4. That permitting the prosecution to proceed in this case would compel the defendant to defend himself in two criminal courts at once upon the same subject matter;

"5. That permitting the prosecution the opportunity to prosecute the defendant twice upon the same subject matter places an unfair financial burden upon the defendant;

"6. That the State's arguments have not satisfactorily resolved in this Court's opinion the potential double jeopardy problems in proceeding in two prosecutions upon the same subject matter against this defendant."

We have concluded that the trial court erred in dismissing the prosecution for theft by deception as charged in Case No. 85 CR 30. It is clear the charge of theft by deception was a separate crime from the worthless check charge in the prior case. The worthless check was issued and delivered on January 24, 1984. The cashier's check was obtained on January 25, 1984, by the defendant from the bank which relied on the $5,000 check deposited the previous day. Thus, according to the allegations of the complaints, the worthless check offense was committed on January 24, 1984, and the crime of theft by deception occurred on a different day, January 25, 1984. The fact that Kansas has adopted a worthless check statute does not prohibit a prosecution under the theft by deception statute where the criminal acts occur on different days.

There are a number of Kansas cases which hold that a person may be charged and convicted of obtaining money or property by false pretense where a worthless check is used in order to obtain the money. See, for example, *State v. Hinshaw*, 92 Kan. 1007, 142 Pac. 960 (1914); *State v. Baker*, 57 Kan. 541, 46 Pac. 947 (1896); *State v. McCormick*, 57 Kan. 440, 46 Pac. 777 (1896). In *Boxer v. Kirkwood*, 119 Kan. 735, 736, 241 Pac. 451 (1925), it was stated:

"The mere giving of a check without qualifying words is said to amount to a representation that the funds to meet it are on deposit—sometimes with the alternative that the drawer has reasonable ground to believe it will be honored."

The Court quoted *Eaton v. State,* 16 Ala. App. 405, 406, 78 So. 321 (1918), to the effect that, "The giving of the check, if given without an explanation to the contrary, was in and of itself a representation, symbol, or token that the defendant had money on deposit in the bank on which the check was drawn."

The elements of theft by deception under K.S.A. 21-3701(b) are discussed in depth in *State v. Finch,* 223 Kan. 398, 573 P.2d 1048 (1978), where it is stated that in order to convict a defendant of theft by deception under K.S.A. 21-3701(b), the State must prove that the defendant with the required intent obtained control over another's property *by means of a false statement* or representation. To do so the State must prove that the victim was actually deceived and relied in whole or in part upon the false representation. More recently in *State v. Hamilton,* 6 Kan. App. 2d 646, 631 P.2d 1255 (1981), it was held that to prove theft by deception under K.S.A. 21-3701(b), the representation must be of a past or present existing fact. An assurance as to a future transaction, however false or fraudulent it may be, is not a false pretense that lays the foundation for a criminal prosecution.

At the present state of this litigation, we cannot determine the truth of the allegations contained in the informations charging issuance of a worthless check on January 24, 1984, and theft by deception for the cashier's check obtained by the defendant from the bank on January 25, 1984. We simply hold that the two crimes are separate and independent and that defendant may be charged for both offenses. Under the circumstances, the district court erred in Case No. 85 CR 30 by dismissing the charge of theft by deception contained in the information in that case.

For the reasons set forth above, the judgments in the district court in each of the two cases dismissing the charges are reversed. Both cases are remanded to the district court for further proceedings.